The STATE of Texas, Appellant,

v.

Sara BRADLEY a/k/a Sara Rudy, Appellee.

No. 03-97-00589-CR.

Court of Appeals of Texas, Austin.

April 24, 1998.

---

Stephen H. Smith, District Attorney, Allison L. Chitsey, Assistant District Attorney, San Angelo, for Appellant.

Gerald R. Lopez, Odessa, for Appellee.

Before JONES, KIDD and DAVIS,* JJ.

KIDD, Justice.

Appellee Sara Bradley was indicted for possession of cocaine and marihuana. Tex. Health & Safety Code Ann. §§ 481.115, 481.121 (West Supp.1998). The district court granted her pretrial motion to suppress evidence seized during a search of her residence. The State appeals from that order. Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp.1998). We will reverse.

## 1. Standard of review.

■■■ The challenged search was conducted pursuant to a warrant. No search warrant may issue unless supported by an affidavit setting forth substantial facts establishing probable cause for its issuance. Tex.Code Crim. Proc. Ann. arts. 1.06 (West 1977), 18.01(b) (West Supp.1998). Probable cause to support the issuance of a search warrant exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex.Crim.App.1986); *Hackleman v. State*, 919 S.W.2d 440, 447 (Tex.App.—Austin 1996, pet. ref'd untimely filed). The sufficiency of a search warrant affidavit is determined by use of "totality of the circumstances" analysis. *Illinois v. Gates*, 462 U.S. 213, 234, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983); *Hennessy v. State*, 660 S.W.2d 87, 90 (Tex. Crim.App.1983); *see State v. Martin*, 833

S.W.2d 129 (Tex.Crim.App.1992). Only the facts found within the four corners of the affidavit may be considered. *Jones v. State*, 833 S.W.2d 118, 123 (Tex.Crim.App.1992). Reasonable inferences may be drawn from the affidavit, however, and the affidavit must be interpreted in a common sense and realistic manner. *Lagrone v. State*, 742 S.W.2d 659, 661 (Tex.Crim.App.1987); *Carroll v. State*, 911 S.W.2d 210, 216 (Tex.App.—Austin 1995, no pet.).

■■■ After-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. Instead, the issuing magistrate's determination of probable cause should be given great deference by reviewing courts, and should be sustained so long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331; *Johnson v. State*, 803 S.W.2d 272, 289 (Tex.Crim.App.1990); *Bower v. State*, 769 S.W.2d 887, 902 (Tex. Crim.App.1989).[1] As the Supreme Court explained, "search and arrest warrants long have been issued by persons who are neither lawyers nor judges, and who certainly do not remain abreast of each judicial refinement of the nature of 'probable cause.'" *Gates*, 462 U.S. at 235, 103 S.CT. at 2331. Judicial review of the decision to issue a search warrant must take into account that many warrants are issued on the basis of nontechnical, common-sense judgments of laymen applying a standard less demanding than that used in formal legal proceedings. *Id.* at 235–36, 103 S.Ct. at 2330–31. Moreover, the Fourth Amendment has a strong preference for searches conducted pursuant to warrants, and a "grudging or negative attitude by reviewing courts toward warrants" might encourage police officers to resort to warrantless searches in the hope that some exception to the warrant requirement might arise. *Id.* at 236, 103 S.Ct. at 2331.

---

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1. The Court of Criminal Appeals has disapproved language in *Johnson* and *Bower* to the effect that article I, section 9 of the Texas Constitution should always be interpreted in conformity to Supreme Court opinions interpreting the Fourth

Amendment. *Heitman v. State*, 815 S.W.2d 681, 685 n. 6 (Tex.Crim.App.1991). That court has not, however, overruled the substantive holding that *Gates* analysis should be applied under article I, section 9. Neither Bradley nor the State contends that the federal and state constitutions differ with respect to the standard of review of a magistrate's probable cause determination.

In summary, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Id.* at 238–39, 103 S.Ct. at 2332–33; *Hennessy,* 660 S.W.2d at 89.

We are aware that the Court of Criminal Appeals has recently revisited the subject of appellate review of probable cause determinations. *See Guzman v. State,* 955 S.W.2d 85 (Tex.Crim.App.1997). In *Guzman,* the court stated that a trial court's finding of probable cause is a mixed question of law and fact that reviewing courts should generally review de novo. *Id.* at 89. *Guzman,* however, involved a warrantless arrest and search, and did not speak to the review of a magistrate's determination that probable cause is stated in a search warrant affidavit. The *Guzman* opinion draws on the reasoning of the United States Supreme Court in *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). In *Ornelas,* the court held that questions of reasonable suspicion and probable cause arising out of warrantless searches should be reviewed de novo on appeal. *Id.* at 691, 116 S.Ct. at 1659. The court was careful to distinguish appellate review of a warrantless search from appellate review of a magistrate's decision to issue a search warrant. Citing *Gates,* the court stated that "the scrutiny applied to a magistrate's probable-cause determination to issue a warrant is less than that for warrantless searches. Were we to eliminate this distinction, we would eliminate the incentive" for police to obtain a warrant. *Id.* at 699, 116 S. Ct. at 1663. Given *Guzman*'s reliance on *Ornelas,* we do not understand *Guzman* to alter previous holdings by the Court of Criminal Appeals that a magistrate's probable cause determination is not subject to de novo review.

## 2. The search warrant affidavit.

The affidavit in this cause sought a warrant to search appellant's house in San Angelo and a pickup truck located on the premises. The affiant was San Angelo police officer Mitch Landry. We summarize the pertinent portions of the affidavit:

- Landry and another officer had been told by a confidential informer that "he (confidential informant) has personally been to the Suspected Place and has personally seen a person known to the confidential informant as 'Sara' in possession of cocaine at the Suspected Place. The confidential informant has personal knowledge that 'Sara' sells one ounce quantities of cocaine for eight hundred and fifty dollars ($850.00)." This informer had provided accurate information regarding unlawful drug activity on other occasions.

- A second confidential informer had told Landry that "he has personally seen an unknown female driving the above described pickup deliver quantities of cocaine while driving the described pickup." This informer had given Landry accurate information regarding unlawful drug activity on three previous occasions.

- On February 26, 1997, the day the affidavit was executed and the warrant was issued, Landry and another officer "went to the Suspected Place and retrieved several trash bags from the trash receptacles located in the alley way behind the Suspected Place. The trash receptacle area is a small area which is enclosed by a wooden fence which is attached to the back fence of the suspected Place...." The trash bags were searched at police headquarters. In one of the trash bags, "Affiant discovered a plastic bag containing a white powdery substance ... and a piece of paper which had the name Sara Bradley written on it." A field test of the white powder was positive for cocaine. "While searching another trash bag Affiant discovered assorted papers with handwritten numerical entries. Some of the entries indicate 850 as a common entry in the paperwork."

• "Affiant knows through his training and experience that persons involved in the use and trafficking of illegal drugs will often conceal said drugs inside their residences and vehicles.... Affiant also knows that these persons will often keep records of the drug transactions...."

### 3. The district court's ruling.

The only evidence adduced at the hearing on Bradley's motion to suppress was Landry's affidavit. Bradley argued that the affidavit did not state probable cause to believe that cocaine or other contraband would be found in her residence on the day the warrant was requested because the affidavit did not state *when* the confidential informers made the observations they reported to the police. Although the affidavit did state that cocaine had been found in a trash bag recovered that day, Bradley argued that this did not give the magistrate probable cause to believe that cocaine was then in the house because there was no showing as to when the trash bags were deposited in the receptacle.

The district court obviously found merit in Bradley's argument. The court stated:

I will have to say I am not very impressed with the search warrant [affidavit]. I don't know why somebody doesn't bother to say when they got their information. The question that I am going to have to deal with is, does the information [regarding the trash bags], which collaborates, shows independent collaboration of the information furnished by the informant, does it sufficiently, by having a date of February 26th, 1997, being the date they searched the trash.

. . .

Does that sufficiently see to it that it makes, on the four corners, everything fresh? ... If it doesn't, then you have got a good Motion to Suppress. If it does, then you don't.

The court's written order granting the motion to suppress does not state the basis for the ruling. We infer from the court's remarks at the hearing that it found the facts stated in the affidavit to be insufficiently recent to support the conclusion that contra-band could then be found in Bradley's residence.

■ Probable cause has an important time element. Probable cause ceases to exist when it is no longer reasonable to presume that items once located in a specified place are still there. Conversely, it may be reasonable under all the circumstances to presume that they are still where they once were, even after a considerable lapse of time. Among the factors that may be considered when evaluating the reasonableness of a magistrate's inference that the suspect property is likely to be found where it was last seen are the length of time elapsed, the nature of the property, the nature of the criminal activity, and the likelihood that the contraband might be moved. *Gonzales v. State,* 761 S.W.2d 809, 813 (Tex.App.—Austin 1989, pet. ref'd).

A reliable informer told the police that he had been to Bradley's house, had seen a person named Sara in possession of cocaine, and "has personal knowledge that 'Sara' sells one ounce quantities of cocaine" for $850. The use of the present-tense "sells" supports an inference that Sara's drug business was an ongoing one. *See and compare Sutton v. State,* 419 S.W.2d 857, 861 (Tex.Crim.App. 1967), *with Heredia v. State,* 468 S.W.2d 833, 835 (Tex.Crim.App.1971). A second reliable informer told the officers that "he has personally seen an unknown female," whom the magistrate could reasonably infer was Sara, deliver cocaine while driving the pickup truck parked at Bradley's house. On the day the warrant was issued, cocaine was found in the trash receptacle behind the house, together with papers bearing Sara Bradley's name and numerical entries that appeared to be records of $850 sales. From his training and experience, Landry knew that drug dealers often conceal their unlawful merchandise in their residences. We conclude that the affidavit, when read in a common-sense and realistic manner, gave the issuing magistrate a substantial basis for concluding that Sara Bradley, the occupant of the suspect premises, was then engaged in the business of selling cocaine. From this, the magistrate could reasonably conclude that contraband like that previously seen by the informers

could be found in the suspect residence at the time the warrant issued. *See State v. Raymer,* 786 S.W.2d 15, 17 (Tex.App.—Dallas 1990, no pet.).

As previously stated, the task of a reviewing court, which in this case includes the district court, is not to determine de novo whether a search warrant affidavit states probable cause, but rather is to ensure that the issuing magistrate had a substantial basis for concluding that probable cause was shown. *Gates,* 462 U.S. at 239, 103 S.Ct. at 2332–33; *Hennessy,* 660 S.W.2d at 89. The resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965); *Hennessy,* 660 S.W.2d at 92. Keeping this preference for the warrant process in mind, and giving the magistrate's probable cause determination the deference it is due, we conclude that the magistrate had a substantial basis for concluding that probable cause existed and that the district court erred by granting Bradley's motion to suppress.

The State's point of error is sustained. The order granting the motion to suppress is reversed and the cause is remanded to the district court for further proceedings.