# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00089-CR

**Yvonne Davis, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
NO. A-98-0836-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING**

---

The district court adjudged appellant Yvonne Davis guilty of possessing more than four grams of cocaine with intent to deliver. Tex. Health & Safety Code Ann. § 481.112(a), (d) (West Supp. 2000). The court assessed punishment, enhanced by a previous felony conviction, at imprisonment for twenty years. We will affirm.

On October 1, 1998, San Angelo police officers acting pursuant to a warrant searched appellant's automobile and motel room. In the room, the officers found one hundred forty-six small plastic bags, each containing a tan rock-like substance that proved to be crack cocaine, and a room receipt. In the car, the officers found an address book containing a ledger that appeared to be a record of drug transactions. In her sole point of error, appellant contends the court erred by overruling her motion to suppress this evidence "because the affidavit supporting the issuance of the search and arrest warrant contained insufficient information to

establish probable cause, in violation of the Constitution of the United States and the State of Texas."

No search warrant may issue unless supported by an affidavit setting forth substantial facts establishing probable cause for its issuance. Tex. Code Crim. Proc. Ann. arts. 1.06 (West 1977), 18.01(b) (West Supp. 2000). Probable cause to support the issuance of a search warrant exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); *Hackleman v. State*, 919 S.W.2d 440, 447 (Tex. App.–Austin 1996, pet. ref'd untimely filed). The sufficiency of a search warrant affidavit is determined by use of "totality of the circumstances" analysis. *Illinois v. Gates*, 462 U.S. 213, 234 (1983); *Hennessy v. State*, 660 S.W.2d 87, 90 (Tex. Crim. App. 1983); *State v. Bradley*, 966 S.W.2d 871, 873 (Tex. App.–Austin 1998, no pet.). Only the facts found within the four corners of the affidavit may be considered. *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992). Reasonable inferences may be drawn from the affidavit, however, and the affidavit must be interpreted in a common sense and realistic manner. *Lagrone v. State*, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987); *Carroll v. State*, 911 S.W.2d 210, 216 (Tex. App.–Austin 1995, no pet.).

After-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. Instead, the issuing magistrate's determination of probable cause should be given great deference by reviewing courts, and should be sustained so long as the magistrate had a substantial basis for concluding that a search would uncover evidence of

wrongdoing. *Gates*, 462 U.S. at 236; *Johnson v. State*, 803 S.W.2d 272, 289 (Tex. Crim. App. 1990); *Bradley*, 966 S.W.2d at 873.

In summary, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Gates*, 462 U.S. at 238-39; *Hennessy*, 660 S.W.2d at 89; *Bradley*, 966 S.W.2d at 874.

The challenged warrant affidavit was executed by San Angelo Police Officer Bill Mabe, a member of the Rio Concho Multi-Agency Drug Enforcement Task Force. The relevant portions of the affidavit state:

> On September 30, 1998, Affiant was advised by a Confidential Informant that he . . . has personally seen the Suspected Party within the past thirty six hours . . . in possession of a quantity of crack cocaine while driving a maroon 80's model Pontiac 2 door.

> On October 1, 1998, the Confidential Informant advised that the Suspected Party was driving a maroon Pontiac 2 door bearing partial Texas license number '23G'. The Confidential Informant further advised that the Suspected Party is described as being a Black female light complexion in her mid twenties and possibly being from the Dallas/Ft. Worth area. Confidential Informant further advised Affiant that he . . . had spoken with the Suspected Party within the past twelve hours and the Suspected Party told the Confidential Informant that she was in possession of crack cocaine.

> The Confidential Informant further advised Affiant that he . . . has seen cocaine in the past and recognized the substance possessed by the Suspected Party

3

as being cocaine. Affiant believes the Confidential Informant to be trustworthy and the information provided to be reliable. The Affiant believes this because Confidential Informant has provided Affiant with information regarding illegal drug activity on at least three (3) occasions within the past three (3) months and on each occasion the information provided has proven to be reliable, true and correct.

On October 1, 1998, Affiant located the Suspected Vehicle driving around in the northern area of San Angelo, Texas. Affiant checked the current Texas vehicle registration . . . and learned the registered owner of the vehicle is James Davis in Palestine, Texas. Affiant through investigation learned the driver of the vehicle is identified as Yvonne Davis . . . in Palestine, Texas. Affiant and other Officers with the Rio Concho Multi-Agency Drug Enforcement Task Force conducted surveillance on the Suspected Party driving the Suspected Vehicle and followed the Suspect Party to the Motel 6. Sgt. Mickey Jones . . . advised Affiant that he had contacted the management of Motel 6 and learned that Yvonne Davis . . . checked into room #219. Davis proved management with a Texas driver's license number 10948975 as proof of identification while checking into the motel. Affiant was advised by Det. Mitch Landry . . . that the Suspected Party stayed at the County Inn in San Angelo, Texas, on the night of September 30, 1998.

Affiant has been a Peace Officer for approximately ten (10) years and has been assigned to the Rio Concho Multi-Agency Drug Enforcement Task Force for approximately nine (9) years. Affiant has received specialized training in the field of narcotics enforcement. Affiant has participated in numerous investigations involving illegal drugs. Affiant is aware that persons who traffic in illegal drugs will utilize motel rooms to avoid detection by the Police. Affiant is further aware that persons utilizing motel rooms will often change rooms frequently to avoid detection by the Police. Affiant also knows that [persons] involved in the sales of illegal drugs will other [*sic*] store quantities of illegal drug in the motel room while they are away from the room.

At the hearing on appellant's motion, additional evidence was adduced regarding events preceding the issuance and execution of the warrant. Among other things, it was shown that appellant had been stopped while driving the Pontiac about three hours before the warrant was executed, and that she and the interior of the vehicle had been searched without a warrant at that time. Thereafter, appellant remained in police custody while the warrant was obtained and

4

executed. Although appellant's stated point of error is concerned only with the adequacy of the search warrant affidavit, she spends several pages in her brief attacking the legality of the initial stop and search, and of the subsequent detention. She does not allege, however and the record does not reflect that any of the evidence she sought to suppress or any fact stated in the probable cause affidavit was obtained during the warrantless search and detention that followed the initial stop. *See Stiggers v. State*, 506 S.W.2d 609, 611 (Tex. Crim. App. 1974) (unlawful arrest that does not produce evidence does not *per se* vitiate conviction).

Appellant urges that the affidavit did not support the issuance of a search warrant because it did not contain facts sufficiently corroborating the informer's tip. She notes that the only information provided by the informer that was confirmed by police investigation was the description of appellant and her car. She argues that these facts were ascertainable by anyone with whom she may have been in contact and were not indicative of criminal activity. Appellant relies on the opinions in *Parish v. State*, 939 S.W.2d 201, 203-05 (Tex. App. Austin 1997, no pet.), and *Correll v. State*, 696 S.W.2d 297, 298-99 (Tex. App. Fort Worth 1985, pet. ref'd).

The informers in *Parish* and *Correll* were anonymous, and thus of unknown reliability. In this cause, the informer was confidential, but not anonymous. According to the affidavit, the informer had given Officer Mabe information regarding unlawful drug transactions on three previous occasions, and on each occasion the information proved to be correct. These previous dealings with the informer gave the officer, and the magistrate, a basis for crediting the informer's tip. *See Almendarez v. State*, 460 S.W.2d 921, 922 (Tex. Crim. App. 1970) (previous

5

receipt of reliable information from informer gave officer reason to believe informer was credible and information reliable).

Appellant further argues that the information provided by the informer did not give the police reason to believe that cocaine would be present in the motel room. While this is true, the facts stated in the affidavit were not limited to the informer's tip. The affidavit also contained information regarding the police investigation, which indicated that appellant had recently checked into the motel. The affidavit also stated, on the basis of Mabe's training and considerable experience, that narcotics dealers commonly store their inventory in their motel rooms. We conclude that the affidavit gave the magistrate a substantial basis for concluding that probable cause existed to search the motel room for cocaine and other items relating to the unlawful sale of cocaine.

The point of error is overruled and the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed:   October 26, 2000

Do Not Publish