NUMBER 13-99-578-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CHARLES WILSON
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 23rd District Court


of Matagorda County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Castillo


Opinion by Justice Dorsey


 Appellant, Charles Wilson, was convicted of possession of a
controlled substance with intent to deliver, and was assessed
punishment of life imprisonment. He filed a pro se brief with this Court,
complaining of two points.(1)

 First, Wilson complains that the affidavit supporting the search
warrant allowing his home to be searched was inadequate. The right
of a citizen to be secure from unreasonable searches and seizures is
guaranteed under the United States Constitution, the Texas Constitution
and various statutory provisions. Article 18.01(b) of the code of criminal
procedure states that no search warrant shall issue for any purpose in
Texas unless sufficient facts are first presented to satisfy the issuing
magistrate that there is probable cause for its issuance. Tex. Code Crim.
Proc. Ann. art. 18.01(b) (Vernon Supp. 2000). A sworn affidavit setting
forth substantial facts establishing probable cause shall be filed in every
instance in which a search warrant is requested. Id. Probable cause to
support the issuance of a search warrant exists where the facts
submitted to the magistrate are sufficient to justify a conclusion that the
object of the search is probably on the premises to be searched at the
time the warrant is issued. Illinois v. Gates, 462 U.S. 213, 238-39
(1983).

 The search warrant allowing the police to search Wilson's
residence was issued by a magistrate, who relied on information
contained in an affidavit sworn out by a police officer. That affidavit
stated that Wilson was suspected to be manufacturing crack cocaine
at his residence at 1113 Fourth Street in Bay City. The facts upon
which the police officer's suspicions were based also were contained
in the affidavit. It said:

 (1) Crack and powder cocaine, along with certain items
used in manufacturing crack cocaine, were seized from the
same residence--which belonged to Wilson at that time as
well--seven months prior to the date of the affidavit;


 (2) Numerous confidential informants had said that Wilson
was still manufacturing and distributing crack cocaine;


 (3) Wilson still lived in the same residence where the
cocaine and manufacturing equipment were found
previously;


 (4) Wilson had made noticeable improvements to the
residence, yet had no obvious means of income;


 (5) A fellow police officer said that Wilson had purchased
two boxes of baking soda at a convenience store;


 (6) That police officer also said that a clerk at the
convenience store told him that Wilson had been buying up
to 15 boxes of baking soda there each week;


 (7) The police officer swearing out the affidavit swore that
from extensive training, he knew that baking soda is used to
manufacture crack cocaine and that the amount of baking
soda purchased by Wilson is more than the amount typically
purchased for normal use.


 Wilson contends that this is not enough information to create the
probable cause that criminal activity was underway necessary for the
issuance of a search warrant. He argues that because each of these
facts, taken individually, would be insufficient, they may not be
combined to form sufficient suspicion upon which to base a search
warrant. We disagree.

 The question of whether the facts alleged in a probable cause
affidavit sufficiently support a search warrant is determined by
examining the totality of circumstances. See Gates, 462 U.S. at
228-229; Ramos v. State, 934 S.W.2d 358, 362-63 (Tex. Crim. App.
1996); Johnson v. State, 803 S.W.2d 272, 288 (Tex. Crim. App. 1990),
rev'd on other grounds, Heitman v. State, 815 S.W.2d 681, 685 (Tex.
Crim. App. 1991).(2)
 The court of criminal appeals has stated that the
task of a magistrate who is requested to issue a search warrant is to:

 make a practical common sense decision whether, given all
the circumstances set forth in the affidavit before him, there
is a fair probability that contraband or evidence of a crime
will be found in a particular place. The affidavit must be
more than a mere conclusory statement that gives the
magistrate virtually no basis at all for making a judgment
regarding probable cause. The magistrate must be
presented with sufficient information to allow that individual
to determine probable cause; his action cannot be a mere
ratification of the bare conclusions of others. The magistrate
should not be bound by standards such as proof beyond a
reasonable doubt or by a preponderance of the evidence. 
The magistrate's sole concern should be probability.


Johnson, 803 S.W.2d at 288 (internal quotations and cites omitted). 
"An affidavit must allege substantial facts establishing probable cause
to believe that the items would be found at the identified place." 
Massey v. State, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996). We look
at the four corners of the affidavit to determine whether "the facts
submitted to the magistrate are sufficient to justify a conclusion that the
property that is the object of the search probably is on the premises to
be searched at the time the warrant issues." Id.

 The United States Supreme Court has explained:


 The process does not deal with hard certainties, but with
probabilities. Long before the law of probabilities was
articulated as such, practical people formulated certain
common-sense conclusions about human behavior; jurors
as factfinders are permitted to do the same--and so are law
enforcement officers. . . . [T]he evidence . . . must be seen
and weighed not in terms of library analysis by scholars, but
as understood by those versed in the field of law
enforcement.


 As these comments illustrate, probable cause is a fluid
concept--turning on the assessment of probabilities in
particular factual contexts--not readily, or even usefully,
reduced to a neat set of legal rules. Informants' tips
doubtless come in many shapes and sizes from many
different types of persons. As we said in Adams v. Williams,
407 U.S. 143, 147, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612
(1972), "Informants' tips, like all other clues and evidence
coming to a policeman on the scene may vary greatly in their
value and reliability." Rigid legal rules are ill-suited to an area
of such diversity. "One simple rule will not cover every
situation." Ibid.


Gates, 462 U.S. at 231.

 Moreover, great deference must be given to the magistrate's
decision. Johnson, 803 S.W.2d at 289; Gates, 462 U.S. at 236. The
reason for this deference is that without it, there would be little or no
incentive for a police officer to go to the trouble of first obtaining a
warrant in order to conduct a search. Gates, 462 U.S. at 236. Thus,
the deferential standard is in keeping with our preference that searches
be conducted only under the authority of a warrant. Id.; see U.S. Const.
amend. IV.

 Accordingly, "appellate court review of the sufficiency of an
affidavit is not a de novo review." Johnson, 803 S.W.2d at 289. "[T]he
traditional standard for review of an issuing magistrate's probable cause
determination has been that so long as the magistrate had a substantial
basis for . . . conclud[ing] that a search would uncover evidence of
wrongdoing, the Fourth Amendment requires no more." Id. (internal
quotations omitted). "A grudging or negative attitude by reviewing
courts toward warrants . . . is inconsistent with the Fourth
Amendment's strong preference for searches conducted pursuant to a
warrant, [and thus,] courts should not invalidate . . . warrant[s] by
interpreting affidavit[s] in a hypertechnical, rather than a commonsense,
manner." Gates, 462 U.S. at 236 (internal quotations omitted).

 We realize that some courts have adopted a de novo standard of
review, relying on Guzman v. State, which held that where a trial
court's decision does not turn on the credibility of any witnesses, no
deference is to be accorded to that decision. Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App.1997); see Ramos v. State, No.
01-99-00188-CR, 2000 WL 1593837, *2 (Tex. App.--Houston [1st Dist.]
Oct. 26, 2000, no pet. h.); Wynn v. State, 996 S.W.2d 324, 326-27
(Tex. App.--Fort Worth 1999, no pet.). The Guzman court relied, in
part, on Ornelas v. United States, 517 U.S. 690 (1996). In Ornelas, the
U.S. Supreme Court held that appellate review of reasonable suspicion
and probable cause should be conducted de novo. Ornelas, 517 U.S.
at 697­98. However, the Ornelas Court noted that the de novo
standard would not apply to determinations regarding issuance of a
search warrant. It stated:

 The Fourth Amendment demonstrates a 'strong preference
for searches conducted pursuant to a warrant,' Gates, supra,
at 236, 103 S.Ct., at 2331, and the police are more likely to
use the warrant process if the scrutiny applied to a
magistrate's probable-cause determination to issue a
warrant is less than that for warrantless searches. Were we
to eliminate this distinction, we would eliminate the
incentive.


Ornelas, 517 U.S. at 698. Accordingly, we will continue to follow
Johnson and Gates, and accord great deference to the decision of the
magistrate who issued the warrant. See also State v. Bradley, 966
S.W.2d 871, 873-74 n.1 (Tex. App.--Austin 1998, no pet.); Daniels v.
State, 999 S.W.2d 52, 54 (Tex. App.--Houston [14th Dist.] 1999, no
pet.). 

 Wilson also challenges the reliability of the police officer who
swore the affidavit and the sources of his information. The Texas high
court, in Johnson, spoke to that issue as well:

 The reliability of the affiant and his sources of
information are part of the "totality of the circumstances" that
the magistrate should evaluate in making his probable cause
determination. A magistrate, however, is entitled to rely on
source information supplied by an average citizen, since,
unlike many police informants, they are "much less likely to
produce false or untrustworthy information." Jaben v.
United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345
(1965); see Esco v. State, 668 S.W.2d 358 (Tex. Crim.
App.1982). The same rule applies to law enforcement
officers. The magistrate may rely on the affidavit of a police
officer based on his knowledge or the knowledge of other
officers. "Observations of fellow officers of the Government
engaged in a common investigation are plainly a reliable
basis for a warrant applied for by one of their number." 
United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13
L.Ed.2d 684 (1965).


Johnson, 803 S.W.2d at 236. Also, Texas courts have noted that
information may be bolstered by corroboration with independent police
work or by cross-corroboration with other informants. Doescher v.
State, 578 S.W.2d 385, 392 (Tex. Crim. App. 1978); Lockett v. State,
879 S.W.2d 184, 188 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd).

 We hold the affidavit in Wilson's case is sufficient to justify the
issuance of the warrant. Most of the information contained in the
affidavit was based on the personal knowledge of the police officer who
made the affidavit. The information which came from the other police
officer is recognized in the law as a reliable basis for issuance of a
warrant. See Ventresca, 380 U.S. at 108­09; Johnson, 803 S.W.2d at
289. The information provided by the second police officer that Wilson
was currently purchasing large quantities of baking soda--a known
ingredient in the manufacture of crack cocaine--from a convenience
store is particularly suspicious.

 Finally, the only other category of information contained in that
affidavit was the statement made by the affiant that numerous
confidential informants had told him that Wilson was again
manufacturing and distributing drugs from that residence. That
information, alone, arguably would be insufficient to support issuance
of a warrant. However, that information is corroborated by the other
information contained in the affidavit that creates suspicion that Wilson
was again manufacturing and distributing drugs. See Doescher, 578
S.W.2d at 392; Lockett, 879 S.W.2d at 188. Based on a totality of the
circumstantial evidence contained in the affidavit presented to the
magistrate in this case, we believe that the affidavit was sufficient to
justify issuance of the search warrant. We hold the affidavit alleges
facts sufficient to justify a conclusion that the property that is the object
of the search probably was in Wilson's residence or car. We overrule
Wilson's first point of error.

 By his second point of error, Wilson contends that he received
ineffective assistance of counsel. The only instance of ineffectiveness
he points to on the part of his trial counsel is that his trial counsel
stipulated to the authenticity of the affidavit and the search warrant at
the suppression hearing. This allegation does not meet the standard for
proving ineffective assistance of counsel.

 Texas courts follow the test established in Strickland v.
Washington to determine whether counsel's representation was
inadequate so as to violate a defendant's Sixth Amendment right to
counsel. Strickland v. Washington, 466 U.S. 668; see Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App.1999). The Strickland test
requires appellant to: (1) prove that counsel's performance was below
an objective standard of reasonableness and (2) prove that this deficient
performance prejudiced the defense. To make out a claim of ineffective
assistance, an appellant must show ineffective assistance firmly rooted
in the record. Jackson v. State, 877 S.W.2d 768, 771-72 (Tex. Crim.
App. 1994). Wilson has failed to show either inadequate representation
or prejudice to his case.

 The record shows that during the suppression hearing, Wilson's
counsel stipulated to the authenticity and admissibility of the search
warrant and the affidavit. The Texas Rules of Evidence require, as a
predicate to admissibility, that evidence be properly authenticated or
identified. See Tex. R. Evid. 901. That is, the proponent must show the
trial court that the document or evidence in question is what he
purports it to be. See id. The rule lists several ways that authentication
might be accomplished; for example, evidence may by authenticated by
the testimony of a witness with knowledge. See id. at 901(b)(1).

 Wilson was not harmed by his counsel's stipulating to the
authenticity and admissibility of the documents in question. To the
contrary, he needed those documents in order to support his argument
that the facts contained in the affidavit were an insufficient basis for the
magistrate's issuance of the search warrant. Likewise, in that setting,
we cannot say that counsel's stipulation fell below the standards of
adequate representation. We overrule Wilson's point on ineffective
assistance of counsel.

 Because we have overruled all of Wilson's points of error, we
affirm his conviction.

 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 8th day of February, 2001.

1. We have liberally construed the arguments contained in Wilson's
pro se brief, and address them as two discrete points of error.
2. The court of criminal appeals disapproved Johnson to the extent
that it held that the Texas Constitution should always be interpreted in
conformity with U.S. Supreme Court opinions interpreting the Fourth
Amendment. Heitman v. State, 815 S.W.2d 681, 685 n. 6 (Tex. Crim.
App. 1991). However, the court has not overruled the substantive
holding in Johnson that the Gates analysis should be applied to the
review of a magistrate's probable cause determination. See State v.
Bradley, 966 S.W.2d 871, 876 n.1 (Tex. App.--Austin 1998, no pet.)