# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00372-CR

**Anthony Wayne Chambers, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-02-0826-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

After his motions to suppress were overruled, appellant Anthony Wayne Chambers pleaded guilty without a sentencing recommendation to two counts of possession of a controlled substance with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2003). He complains on appeal that the trial court should have suppressed (i) the evidence seized during a search conducted pursuant to a warrant and (ii) his statements to the police. We reverse the trial court's judgment of conviction and remand the cause to the trial court.

The search warrant was based on an affidavit sworn out on July 31, 2002, by Detective Brian Robinson of the San Angelo Police Department. Robinson averred that a confidential informant, who had given Robinson accurate information in the past, told him "that the

Suspected Party [appellant] is selling Cocaine from the Suspected Place [appellant's house]." In July the informant went to appellant's house several times with a third party "working for" appellant. The informant told Robinson that the third party brought the informant to the house, left the informant in the car, went into the house, and returned with cocaine he said he had bought from "Wayne." Although there is no basis stated in the affidavit for believing that appellant possessed cocaine or that cocaine could be found on the premises, Robinson averred generally that the informant had "seen cocaine in the past" and was able to recognize it. The police observed four such transactions in July. Robinson averred that, in his experience and training, he knew drug dealers often use third parties to insulate themselves from detection by the police. Robinson also averred that another officer had searched the trash from the house and found mail addressed to appellant and that Robinson had checked vehicle registration records and determined that the truck frequently seen at the house belonged to appellant. Based on Robinson's affidavit, a magistrate issued a warrant authorizing a search of appellant's house and truck. When the police executed the search warrant, they seized a number of items, including a scale, about $650, and several kinds of drugs. Detective Robinson testified at the suppression hearing that the third party was never interviewed or searched before he went into appellant's house and that there was no way to be sure that the third party actually obtained the drugs from inside the house. Robinson said it was possible that the third party might have gone into the house, gotten the drugs "from his own person," and gone back out to the car where the informant was waiting. Robinson could not vouch for the third party's credibility.

Appellant's first contention on appeal is that the search warrant was based on the unnamed third party's statements, did not demonstrate a fair probability that a crime had been

2

committed, and therefore did not support the issuance of a search warrant. Second, appellant argues that his statements to the police resulted from an unlawful arrest and should have been suppressed.

In a suppression hearing, it is for the trial court alone to evaluate witness credibility and the weight to be given testimony; we evaluate the trial court's determination of factual issues in the light most favorable to the court's ruling and will not disturb supported findings of fact absent an abuse of discretion. *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). Generally, we review a trial court's decision on a motion to suppress under a two-pronged analysis, giving great deference to the court's determination of historical facts and reviewing the court's application of the law to the facts *de novo*. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). However, in reviewing search warrants, we use a slightly different standard. *See Serrano v. State*, 123 S.W.3d 53, 58-59 (Tex. App.—Austin 2003, pet. filed). In such cases, there are no credibility choices or factual determinations to be made, *id.* at 58 (citing *Robuck v. State*, 40 S.W.3d 650, 654 (Tex. App.—San Antonio 2001, pet. ref'd)), and we review probable cause based only on the four corners of the affidavit used to obtain the warrant. *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992); *Serrano*, 123 S.W.3d at 58. We do not apply a traditional, after the fact, *de novo* review; we instead give the magistrate's determination great deference. *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *Serrano*, 123 S.W.3d at 58; *State v. Bradley*, 966 S.W.2d 871, 873 (Tex. App.—Austin 1998, no pet.).

A magistrate has probable cause to issue a search warrant if the submitted facts "are sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued." *Bradley*, 966 S.W.2d at 873. We do not require proof beyond a reasonable

doubt or by a preponderance of the evidence. *Davis v. State*, 27 S.W.3d 664, 667 (Tex. App.—Waco 2000, pet. ref'd). Instead, we will sustain a search warrant if "the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing," based on the totality of the circumstances. *Bradley*, 966 S.W.2d at 873. We interpret an affidavit in a common-sense manner and may draw reasonable inferences from the recited facts. *Id*. Hearsay-on-hearsay may be relied upon if the "underlying circumstances indicate that there is a substantial basis for crediting the hearsay at each level." *Hennessy v. State*, 660 S.W.2d 87, 91 (Tex. Crim. App. 1983); *see Serrano*, 123 S.W.3d at 60.

The affidavit states:

> [T]he third party has taken the Confidential Informant to the Suspected Place on more than one occasion; The Confidential Informant remains in the vehicle, and the third party enters the Suspected Place; The third party then returns to the vehicle in possession of a substance that the Confidential Informant recognizes as cocaine; The third party advises the Confidential Informant that the third party purchased the substance from the Suspected Party.

The affidavit describes several police-witnessed transactions such as:

> [T]he third party told the Confidential Informant that he was going to purchase cocaine from a subject named Wayne. . . . Det. Thomas observed the third party drive to the Suspected Place and enter Suspected Place; Det. Thomas then observed the third party return and meet with the Confidential Informant. The Confidential Informant told Affiant that the third party returned with a substance that the Confidential Informant recognized as cocaine on this occasion.

We assume that the informant was credible and believed what he told Robinson to be the truth. However, the affidavit provides no basis for concluding that the unnamed third party

4

was credible or reliable. Robinson testified that he could not vouch for the third party's truthfulness and reliability. The affidavit does not state whether police ever patted down the third party before he went into appellant's house to be sure the third party was not already carrying drugs, contacted the third party, or otherwise established the third party's credibility. The affidavit does not explain the alleged relationship between appellant and the third party or allege one existed between appellant and the informant, but merely states "the Confidential Informant has met with a third party working for the Suspected Party." The affidavit does not provide any facts about the third party or appellant. The only independent corroboration of the third party's allegations were the easily obtained facts that appellant lived in the house and was named "Wayne."[1] *See Davis v. State*, 989 S.W.2d 859, 864 (Tex. App.—Austin 1999, pet. ref'd) ("The mere corroboration of facts that are easily obtainable at the time the information is provided, however, will not furnish reasonable suspicion as a basis for a stop. Anyone with enough knowledge about a given person to make him the target of a prank, or to harbor a grudge against him, will certainly be able to formulate an anonymous tip hoping to initiate an investigation and perhaps a forcible stop or detention."). The affidavit states that the officers observed more than one vehicle parked at the house and that appellant was "the registered owner of one of these vehicles," but does not state that appellant was the only person who lived in the house. The affidavit does not recite that the officers conducting the surveillance saw appellant

---

[1] Appellant's middle name is Wayne.

or his truck at the house at the times the informant and the third party were there. The confidential informant never saw appellant give the third party cocaine or went into the house to observe cocaine on the premises. Indeed, based on the face of the warrant, there is no basis for believing that the informant had spoken to appellant at all.

All of the information about alleged drug dealing by appellant springs from the unknown third party, and there was no independent verification of the third party's assertions. Without something more, this affidavit amounts to little more than an anonymous tip, albeit one passed along by a reliable informant. As such, the affidavit does not give rise to probable cause and does not provide a basis for believing that drugs may be found on the suspected premises. *See Serrano*, 123 S.W.3d at 60 ("The informant here was asserted to have a good track record in furnishing narcotic information, but what was the basis of his knowledge concerning the conclusory tip? The affidavit was silent as to any first-hand information by the informant. It did not include any assertions of personal knowledge or personal observations. . . . There is no reasonable inference that the informant had personal knowledge of the assertion made.").

Because the circumstances as set out in the affidavit do not indicate "a substantial basis for crediting the hearsay at each level," we hold that the affidavit in this case was insufficient to give rise to probable cause. *See Hennessy*, 660 S.W.2d at 91; *Serrano*, 123 S.W.3d at 60. The trial court erred in overruling appellant's motions to suppress because the magistrate did not have a substantial basis for finding probable cause within the four corners of the affidavit. We sustain appellant's first issue on appeal and, having reached that conclusion, need not address his second

6

issue.  We reverse the judgment of conviction and remand the cause to the trial court for further proceedings.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Reversed and Remanded

Filed:   June 10, 2004

Do Not Publish