# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00251-CR

**The State of Texas, Appellant**

**v.**

**Gilbert N. Davila, Appellee**

## FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT NO. 2003-226, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## **O P I N I O N**

Appellee Gilbert N. Davila is under indictment for possessing cocaine. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2003). The State appeals an order granting Davila's motion to suppress evidence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2004-05). We will affirm the order.

The challenged search was conducted pursuant to a warrant, and the issue presented is whether the facts submitted to the magistrate in the supporting affidavit were sufficient to justify a conclusion that the object of the search was probably on the premises at the time the warrant was issued. *See Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); *State v. Bradley*, 966 S.W.2d 871, 873 (Tex. App.—Austin 1998, no pet.). The sufficiency of the affidavit is determined by considering the totality of the circumstances set forth within the four corners of the document. *Illinois v. Gates*, 462 U.S. 213, 234 (1983); *Bradley*, 966 S.W.2d at 873. The issuing magistrate's

determination of probable cause must be given great deference and will be sustained if the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Gates*, 462 U.S. at 236; *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004); *Bradley*, 966 S.W.2d at 873.

The warrant in question was applied for and issued on November 12, 2002. It authorized the search of the premises located at 710 Sabine Street in Lockhart, the seizure of marihuana and items related to the drug trade, and the arrest of Davila and Lori Ann Lopez. The affiant was Lockhart police officer Richard Torres. The first two paragraphs of the probable cause portion of the affidavit described Torres's training and experience with respect to unlawful drug trafficking. The affidavit then stated:

> Information has been given to your Affiant by a Confidential Informant, hereafter referred to as CI, for security reasons, regarding cocaine and marijuana being possessed at 710 Sabine Street in the City of Lockhart, Caldwell County, Texas. The aforementioned CI has provided information regarding narcotics trafficking and transactions to your Affiant in the past. Your Affiant also has knowledge that narcotic transactions occur frequently at this location.

> On Tuesday November 12, 2002, Officer Greg Slade, Officer Michael Marr and your Affiant went to 710 Sabine Street in the City of Lockhart, Caldwell County, Texas in order to retrieve the garbage from the address. Upon arrival your Affiant observed the two garbage cans at 710 Sabine Street set out by the curb line for pick up. Your Affiant retrieved the garbage bags that were inside the trash cans at 710 Sabine Street.

> Upon inspection of the garbage retrieved from the garbage can at 710 Sabine Street in the City of Lockhart, Caldwell County, Texas your Affiant located (1) gallon size clear bag with a green leafy substance inside the bag. The green leafy substance tested positive for marijuana.

> The following personal papers were located with the clear bag with the marijuana residue. A booklet from Seton Health to Mr. Gilbert N. Davila at 710 Sabine Street Lockhart Texas 78644, Tracks booklet to Lori Lopez at 710 Sabine

Street Lockhart Texas 78644, Sesame Street Readers Digest to Lori Lopez at 710 Sabine Street Lockhart Texas 78644 and Best Buy Coupon to Gilbert N. Davila at 710 Sabine Street Lockhart Texas 78644.

The warrant was executed on November 15, 2002. Police found a bag containing a white powder that tested positive for cocaine, three firearms, and a cooler with marihuana residue.

In his motion to suppress, Davila relied on the opinion of this Court in *Serrano v. State*, 123 S.W.3d 53 (Tex. App.—Austin 2003, pet. ref'd). There, we held that the issuance of a search warrant was not justified by an affidavit describing: (1) an anonymous tip stating that Serrano was dealing cocaine in Travis County, (2) police records and personal observations establishing a tenuous connection between Serrano and the suspect premises, and (3) the discovery of a plastic bag containing cocaine residue in a garbage can outside the suspect premises. *Id*. at 63.

Officer Torres described receiving a tip from an anonymous informer "regarding cocaine and marijuana being possessed" at the Sabine Street address. Information received from an anonymous informer is no longer subject to a rigid two-pronged test for veracity and basis of knowledge, but it is nevertheless highly relevant in a totality of the circumstances analysis to consider what an affidavit reveals regarding the credibility of the informer, the reliability of the particular tip, and the basis of the informer's knowledge. *Gates*, 462 U.S. at 230. These issues "usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Id*.

The affidavit in this cause contained no facts from which the magistrate could conclude that the informer was credible or the tip was reliable. Although Torres said that the informer had previously given him narcotics trafficking information, he did not say that this

3

information had led to the seizure of controlled substances or had in some other way been proved accurate. The State argues that the accuracy of the earlier information could reasonably be inferred from Torres's continued reliance on the informer, but we disagree. It is equally reasonable to infer from the officer's silence regarding the informer's prior track record that the record was not a good one. Torres's reliance on the informer reflected, at most, the officer's opinion that the informer was credible. An officer's mere assertion that an informer is credible or that a tip is reliable, without facts to support the assertion, is inadequate. *Gates*, 462 U.S. at 239.

The affidavit also contained no facts describing the basis for the informer's purported knowledge. For example, the affidavit did not state whether the informer had actually seen the alleged contraband or was merely repeating hearsay information. Moreover, the affidavit did not say when the informer got the information or when the officer received the tip. Because the affidavit did not say when the tip was received, there was no point of reference for the informer's claim that marihuana was "being possessed" at the suspect address and thus to support an inference that the information was fresh. *See Rosencranz v. United States*, 356 F.2d 310, 316 (1st Cir. 1966). An affidavit that fails to state when the affiant received the information from the informer, when the informer obtained the information, or when the described conduct took place is insufficient to support issuance of a search warrant. *Serrano*, 123 S.W.3d at 61 (citing *Schmidt v. State*, 659 S.W.2d 420, 421 (Tex. Crim. App. 1983); *Peltier v. State*, 626 S.W.2d 30, 32 (Tex. Crim. App. 1981); *Heredia v. State*, 468 S.W.2d 833, 835 (Tex. Crim. App. 1971)); *cf. State v. Delagarza*, 158 S.W.3d 25, 27 (Tex. App.—Austin 2005, no pet.) (anonymous tip received two weeks before search described activities at suspect address that affiant recognized, based on training and experience, as indicative of narcotics trafficking).

4

Torres's statement that he "has knowledge that narcotic transactions occur frequently at this location" added no substance to the affidavit. The statement was both conclusory and vague. The officer did not disclose the basis for his asserted knowledge, state exactly where these alleged transactions took place, or reveal how recent this information might have been. A mere conclusory statement gives the magistrate virtually no basis for making a judgment regarding probable cause. *Gates*, 462 U.S. at 239.

One pertinent fact recited in the affidavit was the discovery of marihuana residue in the garbage at the Sabine Street address. But as this Court observed in *Serrano*, garbage containers left outside for collection are readily accessible to the public, including neighbors or passers-by with overflow or undesirable trash and other "unwelcome meddlers." *Id*. at 62 (quoting *California v. Greenwood*, 486 U.S. 35, 54 (1988) (Brennan, J., dissenting)). We concluded in *Serrano* that "[s]tanding alone, the one-time intrusion into a garbage can revealing cocaine residue in one plastic baggie . . . would not justify a finding of probable cause to search" the premises. *Id*. at 63. As in *Serrano*, the one-time discovery of a single plastic bag containing marihuana residue in the garbage at 710 Sabine did not establish probable cause to search the house in light of the totality of the other circumstances. *Cf. Delagarza*, 158 S.W.3d at 27-28 (affiant conducted four garbage searches at suspect premises over ten-day period, finding large quantity of drug paraphernalia each time).

The affidavit vaguely stated that mail addressed to 710 Sabine Street was found "with" the plastic bag containing the marihuana residue. Without more detail, this fact merely served to confirm that the garbage cans belonged to that address. Neither Davila nor Lopez was described in the affidavit as being a seller, user, or possessor of marihuana. That they were the

recipients of the mail thus did not contribute to the showing of probable cause to search. Whether the affidavit stated probable cause to arrest them is a question that is not before us.

To summarize, the magistrate in this cause was asked to issue a search warrant on the basis of: (1) a conclusory statement by an informer of unknown credibility that drugs were being possessed at 710 Sabine Street at some unstated time; (2) the affiant's unsupported assertion that narcotics transactions occurred frequently at that address; and (3) the one-time discovery of a plastic bag containing marihuana residue in a garbage can sitting in the street in front of the house. With all due deference to the probable cause determination, the totality of the facts stated in the affidavit did not give the magistrate a substantial basis for concluding that a search of the house would uncover evidence of wrongdoing.

The district court did not err by granting the motion to suppress, and its order is affirmed.

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: July 13, 2005

Publish

6