# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00715-CR

**Jack Carlton Wilkin, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-07-475, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the district court denied his motion to suppress, appellant Jack Carlton Wilkin, Jr. pleaded guilty to three counts of possession of a controlled substance with intent to deliver, *see* Tex. Health & Safety Code Ann. §§ 481.112, .113 (West Supp. 2009), and was sentenced to twenty years in prison on each count. In a single issue, Wilkin argues that the district court erred in denying his motion to suppress. He argues that the affidavit underlying the search and arrest warrant did not create a substantial basis for concluding that a controlled substance would be found at the premises. We affirm the judgment of conviction.

According to the affidavit for the search and arrest warrant, the affiant had received information from "several confidential sources," as well as from a Hays County Narcotics Task Force confidential informant (CI), that a person referred to as "Possum" was distributing crystal methamphetamine and other narcotics in the City of San Marcos. Although none of the

confidential sources knew where Possum was living, the Hays County confidential informant reported and confirmed that Possum resides at 816 West Hopkins in San Marcos.

The affidavit states that "'Possum' is documented by the Hays County Narcotics Task Force as a narcotics distributor" and "is identified as Jack C. Wilkin DOB 051762." It goes on to outline Wilkin's "extensive criminal history" and states that Wilkin is "currently on parole until 2008."

The affidavit concludes by stating that "[t]he CI has proven to be credible and reliable in the past by providing information that has led to the seizure of illicit narcotics," but that the CI has requested to remain anonymous. According to the affiant, the CI stated that within the past 72 hours, he/she had been inside the residence in question, where he/she found Wilkin and a distributable amount of methamphetamine in Wilkin's possession.

Arguing that the affidavit was insufficient to support a finding of probable cause, Wilkin filed two motions to suppress. At the hearing, the district court determined that there was probable cause to support the issuance of the warrant and, accordingly, denied Wilkin's motions. Wilkin pleaded guilty to the three counts of possession of a controlled substance, as alleged in the indictment, and was sentenced to twenty years in prison on each count.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court's denial of a motion to suppress is reviewed for abuse of discretion, *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999), but

2

when the trial court's rulings do not turn on the credibility and demeanor of the witnesses, we apply a de novo standard of review, *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

Wilkin asserts that the affidavit does not establish probable cause because the confidential informant is unreliable, and nothing in the affidavit provides corroboration. Wilkin also challenges certain "conclusory statements" and questions the timeliness of information presented in the affidavit.

Probable cause to support the issuance of a search warrant exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); *State v. Bradley*, 966 S.W.2d 871, 873 (Tex. App.—Austin 1998, no pet.). The sufficiency of the affidavit is determined by considering the totality of the circumstances set forth within the four corners of the document. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Bradley*, 966 S.W.2d at 873. The affidavit must be interpreted in a common sense and realistic manner, recognizing that reasonable inferences may be drawn from the affidavit. *Hedspeth v. State*, 249 S.W.3d 732, 737 (Tex. App.—Austin 2008, pet. ref'd). The issuing magistrate's determination of probable cause must be given great deference and will be sustained if the magistrate had a substantial basis for concluding that probable cause was shown. *Gates*, 462 U.S. at 236-37; *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).

When the police receive information from an informant, the totality of the circumstances includes the veracity and reliability of the informant and the informant's information, as well as the basis for the informant's knowledge. *See Gates*, 462 U.S. at 230-31. An anonymous

3

tip alone will rarely establish the level of reasonable suspicion required to justify a detention. *Florida v. J.L.*, 529 U.S. 266, 270 (2000); *Alabama v. White*, 496 U.S. 325, 329 (1990). There must be some further indicia of reliability, some additional facts from which a police officer may reasonably conclude that the tip is reliable and a detention is justified. *Pipkin v. State*, 114 S.W.3d 649, 654 (Tex. App.—Fort Worth 2003, no pet.).

Here, although the critical information was provided by a confidential informant, the affiant states, based on past experience with the informant, that the informant is reliable. According to the affiant, "[t]he CI has proven to be credible and reliable in the past by providing information that has led to the seizure of illicit narcotics, namely methamphetamine." Citing the court of criminal appeals in *Avery v. State*, 545 S.W.2d 803, 804 (Tex. Crim. App. 1977), Wilkin asserts that "the minimal requirement is that the affidavit recite that the informant has no criminal record, and enjoys a good reputation among his associates in the community." As the affidavit here did not contain such a statement, Wilkin argues that there was not a showing that the informant was reliable.

As the court of criminal appeals later held, however, that the informant was known to the affiant and has given him reliable information in the past is sufficient to show that the informant is reliable. *Capistran v. State*, 759 S.W.2d 121, 128 (Tex. Crim. App. 1988). In such circumstance, no corroborating information is necessary. *Id.* Here, the affiant's statement that "[t]he CI has proven to be credible and reliable in the past by providing information that has led to the seizure of illicit narcotics, namely methamphetamine," is sufficient to establish the informant's reliability.

4

Wilkin also argues that the affidavit cannot establish probable cause because Wilkin's identity is stated in a "conclusory" manner. Although a search warrant affidavit may not be based solely on hearsay or conclusory statements, a search warrant affidavit is not to be deemed insufficient on those grounds so long as a substantial basis for crediting the hearsay exists or corroborating facts within the officer's knowledge exist. *See Gates*, 462 U.S. at 241-43. Here, the affidavit states that "'Possum' is identified as Jack C. Wilkin DOB 051762." Additional facts recited in that paragraph show that "Possum" has been documented as Jack C. Wilkin by the Hays County Narcotics Task Force based on his "extensive criminal history" involving narcotics abuse. Moreover, the informant identified Wilkin as the person he or she encountered inside the residence in question and stated that it was Wilkin who was in possession of a distributable amount of methamphetamine. Indeed, the critical portions of the affidavit identify Wilkin, not "Possum," as the suspect. This identification is based on the CI's face-to-face encounter with Wilkin. To the extent that the affiant's identifying statement could be considered "conclusory," these additional facts provide sufficient corroboration to establish probable cause. *See id.*

Wilkin also challenges the timeliness of the information presented in the affidavit. Specifically, Wilkin challenges the statement that "[d]uring a recent conversation, the CI told Affiant that within the past 72 hours he/she had been inside" the residence in question. Although the time of the "recent conversation" is not specified, the contents of the affidavit show that the informant had been in the residence within 72 hours of speaking with the affiant and that, soon thereafter, the affiant executed the subject affidavit. Interpreting this statement in a common sense and realistic

5

manner, as we are required, *see Hedspeth*, 249 S.W.3d at 737, we find the timeliness of the affidavit to be sufficient.

Based on the totality of the circumstances set forth within the four corners of the affidavit, and affording "great deference" to the issuing magistrate's determination of probable cause, we find that the magistrate had a substantial basis for concluding that probable cause was shown, and the district court acted within its discretion in denying Wilkin's motions to suppress. *See Gates*, 462 U.S. at 236-37; *Carmouche*, 10 S.W.3d at 327. Wilkin's issue is overruled, and the judgment of conviction is affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   March 25, 2010

Do Not Publish

6