Opinion issued December 12, 2002







 
 


 


In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01079-CR




CAROLYN C. KOLB, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 872929




O P I N I O N

          Appellant was charged by indictment with possession of a controlled
substance, cocaine. After appellant’s motion to suppress the cocaine seized at her
residence during a search pursuant to warrant was denied by the trial court, appellant
pleaded guilty in accordance with an agreed recommendation as to punishment. The
trial court deferred adjudication of guilt and placed her on three years community
supervision.
          In her first point of error, appellant asserts that the trial court committed
reversible error in overruling her motion to suppress the cocaine. In her second point
of error, appellant complains that her plea of guilty was jurisdictionally defective. 
We affirm. Background
          Appellant filed a pre-trial written motion to suppress evidence, namely cocaine,
seized pursuant to a search of her premises. Appellant asserted that the affidavit in
support of the warrant was insufficient to support a finding of probable cause. On
October 8, 2001, the trial court conducted a hearing on appellant’s motion to
suppress. 
          Richard Corrales, a narcotics officer with the Houston Police Department
(HPD), was the only witness to testify at the suppression hearing. Officer Corrales
testified that several complaints had been received by the HPD that narcotics were
being sold out of a house located at 305 Red Ripple, Houston (the “residence”). 
Based on these complaints, Corrales began an investigation of the residence with the
assistance of a confidential informant with whom Corrales had dealt on several prior
occasions. The informant was searched for contraband and taken to the residence,
where he was able to purchase cocaine from an individual known as “Black” or Mr.
Jones. Black appeared to have care, custody and control of the residence because he
answered the door and allowed the informant to enter. According to the informant,
appellant was present at the time he purchased the cocaine from Black. 
          Based on information provided by the informant and Corrales’ observations of
the events, a warrant was obtained to search the residence for any controlled
substances, including cocaine, and for the arrest of Black. The officers conducted
surveillance on the residence, watching for Black before executing the warrant. On
the day that the warrant was actually executed, Black’s car was initially at the
residence, but he left before the officers arrived. Black was stopped by a patrol
vehicle while the search warrant was executed on the residence. Appellant and her
husband were inside the residence when the search warrant was executed, and
narcotics were found on both persons. Motion to Suppress
          In her first point of error, appellant asserts that the trial court committed
reversible error in overruling her motion to suppress the cocaine. Specifically, she
asserts that the search warrant and supporting affidavit failed to state probable cause
to search the residence where the cocaine was discovered. In reviewing the trial
court’s ruling on the motion to suppress, we apply a bifurcated standard of review. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give almost
total deference to the trial court’s determination of historical facts, while we conduct
a de novo review of the trial court’s application of the law to those facts. Id. During
a motion to suppress hearing, the trial court is the sole trier of fact; accordingly, the
trial judge may choose to believe or disbelieve all or any part of a witness’s
testimony. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); King v.
State, 35 S.W.3d 740, 742 (Tex. App.—Houston [1st Dist.] 2000, no pet.). When, as
here, no findings of fact are filed, we must view the evidence in the light most
favorable to the ruling and sustain the decision if it is correct on any applicable theory
of the law. Ross, 32 S.W.3d at 855-56; King, 35 S.W.3d at 742.
          Whether the facts alleged in a probable cause affidavit sufficiently support a
search warrant is determined by examining the totality of the circumstances. Ramos
v. State, 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996); Ramos v. State, 31 S.W.3d
762, 764-65 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (citing Illinois v. Gates,
462 U.S. 213, 228-30, 103 S. Ct. 2317, 2326-28 (1983)); see also Tex. Code Crim.
Proc. Ann. art. 18.01(b) (Vernon Supp. 2002). The allegations are sufficient if they
justify a conclusion that the object of the search is probably on the premises. Ramos,
934 S.W.2d at 363; Ramos, 31 S.W.3d at 765. Reviewing courts should accord great
deference to the magistrate’s determination. Ramos, 934 S.W.2d at 363. 
          Only the facts found within the four corners of the affidavit may be considered. 
Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992). However, reasonable
inferences may be drawn from the affidavit. Gibbs v. State, 819 S.W.2d 821, 830
(Tex. Crim. App. 1991). We interpret an affidavit in a common sense and realistic
manner. Id.
          The affidavit reveals the following:
          1. Affiant, Officer Corrales, received a complaint that narcotics were being sold
from 305 Red Ripple. 
          2. Affiant contacted an informant, whom he knew to be a credible and reliable 
source, and obtained the informant’s assistance in making a “controlled buy” of
cocaine at 305 Red Ripple.
          3. The informant was searched for contraband before entering the residence. 
          4. The informant entered the residence and purchased crack cocaine from a
male known as Black, who answered the door and allowed the informant entry into
the residence. 
          5. Corrales field-tested the substance brought back from the residence by the
informant and confirmed the substance was cocaine. 
          6. The informant told Corrales that Black told him to return anytime he needed
more cocaine.
          7. The informant described the person who sold him the cocaine as a black
male, approximately five feet ten inches to six feet tall, and weighing approximately
190 to 200 pounds. 
          The circumstances of a “controlled buy,” standing alone, may be sufficient to
reasonably confirm an informant’s information and give probable cause to issue a
search warrant. Sadler v. State, 905 S.W.2d 21, 22 (Tex. App.—Houston [1st Dist.] 
1995, no pet.). 
          To be sufficient, these allegations must support a probable cause finding that
the items to be seized—cocaine or other controlled substances—would be on the
property at the time the warrant was issued. Ramos, 934 S.W.2d at 363; Ramos, 31
S.W.3d at 765. We find that, in their totality, the allegations are sufficient. 
Accordingly, the trial court did not abuse its discretion in denying the motion to
suppress.
Plea of Guilty Jurisdictionally Defective
          In her second point of error, appellant states that “if this Court finds that the
error presented in appellant’s pre-trial motion to suppress was not properly preserved,
then this Court should find that appellant’s plea of no contest was not constitutionally
valid” because it would then have deprived appellant of the right to appeal the trial
court’s denial of appellant’s motion to suppress. 
          Because we have given full and complete review to the merits of her first point
of error, appellant’s second point of error is moot.
Conclusion
          We affirm the judgment of the trial court. 

                                                                                                                          
                                                             Frank G. Evans
                                                             Justice
 
Panel consists of Justices Hedges, Keyes, and Evans.



Do not publish. Tex. R. App. P. 47