IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 110-03






RODNEY SWEARINGEN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TOM GREEN COUNTY





 Holcomb, J., delivered the opinion of the Court, in which Keller, P.J.,
Womack, Keasler, and Hervey, JJ., joined. Cochran, J., filed a dissenting
opinion in which Meyers, Price, and Johnson, JJ., joined. 


O P I N I O N 



 Appellant, Rodney Swearingen, was convicted and sentenced to eighteen years' confinement for
the felony offense of possession of methamphetamine with intent to deliver. See Tex. Health & Safety
Code § 481.102(6) & 481.112(a), (d). He appealed the trial court's denial of his pre-trial motion to
suppress, which alleged that the drugs found in the search of the residence were the fruits of an illegal
search, undertaken pursuant to a search warrant unsupported by probable cause. Appellant argued that
the information in the warrant affidavit was stale. The Third Court of Appeals, applying a deferential
standard of review, affirmed the judgment of the trial court. 

 We granted review to resolve a split between the courts of appeals regarding the appropriate
standard for reviewing a magistrate's determination that probable cause existed to issue a search warrant. (1) 
See State v. Bradley, 966 S.W.2d 871 (Tex. App.- Austin 1998, no pet.)(great deference); Daniels v.
State, 999 S.W.2d 52 (Tex. App. - Houston [14th Dist.] 1999, no pet.)(deference); Ramos v. State, 31
S.W.3d 762 (Tex. App. - Houston [1st Dist.] 2000, no pet.)(de novo).

Relevant Facts

 On January 10, 2001, the Honorable Eddie Howard, a Justice of the Peace in Tom Green County,
signed a search warrant based on a probable-cause affidavit prepared by San Angelo Police Sergeant
David Howard. The warrant authorized the search of a house described by the sergeant in the affidavit as
being under appellant's control. According to the affidavit, a confidential informant told Sgt. Howard that
he had been inside the house within the previous fifty-two hours and had personally seen appellant in
possession of "a quantity" of methamphetamine. The affidavit goes on to state that the confidential
informant: (1) had provided Sgt. Howard with reliable information on three occasions in the preceding two
months, and (2) was familiar enough with methamphetamine to recognize it as the substance possessed by
appellant. Later that day, officers of the Rio Concho Drug Task Force executed the search warrant and
found a bag containing over forty grams of methamphetamine in plain view two feet from a desk where
appellant had been sitting when the officers entered the residence. 

 Appellant filed a pre-trial motion to suppress the evidence obtained under the search warrant. He
argued that the affidavit submitted in support of the search warrant failed to comply with the requirements
of Article 18.01 of the Texas Code of Criminal Procedure, that the evidence obtained pursuant to the
warrant was, therefore, obtained in violation of the laws of the State of Texas and inadmissible under
Article 38.23 of the Code. Appellant argued further that the affidavit stated only that the informant
observed appellant in possession of "a quantity" of methamphetamine, without quantifying the amount
observed or providing facts from which a quantity could be inferred, such as whether the drugs were being
held for sale or for personal use. He also argued that the affidavit was void of any other information that
would support an inference that the methamphetamine would still be located in the house more than two
days after the informant observed it. 

 The trial court denied appellant's motion. Appellant was convicted, his motion for new trial was
denied, and he appealed, claiming, among other things, that the trial court erred in denying his motion to
suppress. Appellant argued that the affidavit supporting the search warrant did not "set forth sufficient facts
to establish probable cause that the property or items constituting evidence to be searched for or seized
are located at or on the particular person, place, or thing to be searched," as required by Article
18.01(c)(3). Appellant recognized the split between the courts of appeals regarding the standard to apply
in reviewing a magistrate's determination of probable cause. Appellant argued that the court should review
the issue de novo, without deference to the magistrate's determination. 

 The court of appeals, applying a deferential standard of review, held that: (1) the lack of specificity
regarding the quantity of methamphetamine observed did not foreclose the conclusion that
methamphetamine would likely still be in the house; (2) the issuing magistrate had a substantial basis for
concluding that a search of the house would uncover evidence tending to show that appellant possessed
methamphetamine; and (3) the trial court, therefore, did not err in overruling appellant's challenge to the
adequacy of the affidavit. Swearingen v. State, No. 03-02-00227-CR (Tex. App. - Austin
2002)(unpublished). The court of appeals affirmed the judgment of the trial court. 

 Appellant sought review from this Court on the grounds that the court of appeals applied an
improper standard in reviewing the magistrate's probable cause determination which resulted in an
erroneous conclusion that the warrant affidavit set forth facts sufficient to establish probable cause. We
granted review to consider whether the court of appeals applied the correct standard of review.

Discussion

 What standard of review is required in a court of appeals reviewing a magistrate's determination
of probable cause is a question of law; one that we review de novo. 

 Appellant's probable clause claim is based on Article 18.01, a state statute. In Johnson v. State,
addressing a probable cause claim based not only on the Fourth Amendment to the United States
Constitution but also on both state constitutional and statutory law, we recognized the deferential standard
required by Gates. Johnson, 803 S.W.2d 272, 289 (Tex. Crim. App. 1990)(disapproved in part by
Heitman v. State, 815 S.W.2d 681, 685 n.6 (Tex. Crim. App. 1991)). 

 In Illinois v. Gates, 462 U.S. 213, 234-37 (1983), the Supreme Court had reaffirmed the
traditional standard for reviewing an issuing magistrate's probable cause determination: "so long as the
magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing, the
Fourth Amendment requires no more." In explaining why "after-the-fact scrutiny by courts of the
sufficiency of an affidavit should not take the form of de novo review," the Supreme Court stated that the
deference paid to the magistrate's determination of probable cause was based on "the Fourth
Amendment's strong preference for searches conducted pursuant to a warrant." Id. 

 Our subsequent opinion in Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997), discussing
the standard of review regarding a determination of probable cause in a warrantless search situation, caused
some confusion regarding the standard of review that applies to a magistrate's determination of probable
cause. Some courts of appeals have continued to apply the deferential standard articulated in Johnson. 
See State v. Bradley, 966 S.W.2d 871. Others have held that where credibility is not an issue, i.e., where
probable cause is simply a question of law, a de novo review should be conducted. Ramos v. State, 31
S.W.3d 762. 

 In Guzman, we relied in part on Ornelas v. United States, 517 U.S. 690 (1996). In Ornelas,
a case involving a warrantless search, the Supreme Court held that appellate review of reasonable suspicion
and probable cause should be conducted de novo. Ornelas, 517 U.S. at 697-98. However, the Supreme
Court went on to distinguish its prior holding in Gates, that a magistrate's decision to issue a search warrant
should be given deference and not reviewed de novo. The Supreme Court reiterated that the distinction
between the standards of review applied to the determination of probable cause in warrant and warrantless
searches was based on the Fourth Amendment's strong preference for searches conducted pursuant to a
warrant and the need for an incentive to encourage police to use the warrant process. Ornelas, 517 U.S.
at 698. 

 Guzman merely articulated a general principle for determining when an issue should be reviewed
de novo and when it should be reviewed deferentially. The standard to be applied to the review of a
magistrate's determination of probable cause in issuing a search warrant is an exception to the general rule
set out in Guzman. It is an exception mandated by the Fourth Amendment.

 We recognize the distinction between the standards of review applicable to warrantless searches
and searches pursuant to a warrant and reaffirm that a magistrate's determination to issue a warrant is
subject to the deferential standard of review articulated in Gates and Johnson. 

 The court of appeals stated and applied the standard of review set forth in Johnson. Although we
are not reviewing the correctness of the court of appeals' ultimate conclusion, we can tell by the court's
language that it did apply the correct standard in reaching that conclusion. The court of appeals found that
the absence of facts from which a quantity of drugs could be inferred was not fatal to the magistrate's
finding of probable cause because, considering the affidavit as a whole and the reasonable inferences it
supports, a substantial basis existed to support a finding of probable cause. The court reasoned that,
although the magistrate may not have been able to rule out the possibility that the methamphetamine had
already been consumed or moved, the magistrate was not foreclosed from concluding that it was
reasonably likely that a search of the house would uncover evidence tending to show that Appellant was
guilty of possession of methamphetamine. 

 We hold that the court of appeals applied the correct standard of review. We affirm the judgment
of the court of appeals. 

DELIVERED: June 23, 2004

PUBLISH
1. Only the first of appellant's two grounds for review was granted: "Whether the court of
appeals applied an improper standard of review of a warrant which resulted in an erroneous conclusion
that the warrant affidavit set forth facts sufficient to establish probable cause." That single issue was
then recast, on this Court's public list of granted PDRs, into two separate issues: (1) Is great deference
the proper standard of review of a magistrate's finding of probable cause to issue a warrant, and (2)
Did the recitation in the search warrant affidavit that "a quantity of methamphetamine" had been seen on
the premises within the past 52 hours provide probable cause to believe that methamphetamine would
be on the premises when the search warrant issued? The only argument appellant provides in his brief
to support his claim that the court of appeals erred in concluding that the affidavit did establish probable
cause is that the court evaluated the affidavit under an improper standard. Thus, we address only
whether the court of appeals applied the correct standard of review.