COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JUAN CARLOS BANAL, | § | No. 08-11-00032-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | Criminal District Court No. 4 |
| THE STATE OF TEXAS, | § | |
| | § | of Tarrant County, Texas |
| Appellee. | § | |
| | § | (TC#1186848D) |

## **O P I N I O N**

Appellant, Juan Carlos Banal, appeals his conviction of unlawful possession of cocaine with intent to deliver, in an amount of four hundred grams or more. On appeal, Appellant raises four issues for our review. We affirm.

## **BACKGROUND**

In January 2010, based on a tip from a confidential informant that cocaine was being trafficked from a garage apartment located at 2224 Prairie Avenue in Fort Worth, Tarrant County, Texas, Fort Worth Police Officer Alfredo Dominguez conducted surveillance on the residence to determine whether drug activity was occurring. After surveillance of the residence was complete, on January 12, 2010, Officer Dominguez used a confidential informant to make a

controlled buy. That same day, with information that a Hispanic male named Alex Avalos was dealing cocaine out of the dwelling, Office Dominguez went undercover to make an undercover buy. At trial, Officer Dominguez testified that on January 12, 2010, he went to the garage apartment, knocked on the door, which was answered by a Hispanic female, and asked for Alex. Alex came to the door and asked Officer Dominguez what he wanted. Officer Dominguez responded that he wanted two "twenties."[1] Alex then called for someone named Carlos.[2] Officer Dominguez testified that Alex asked Carlos if he knew Officer Dominguez and Carlos indicated that he did. Alex then left the room and came back and handed Carlos two plastic baggies. Carlos handed Officer Dominguez the baggies and took his money.

Based on the foregoing information, Officer Dominguez obtained a search warrant for the residence, which was executed on January 13, 2010. Inside the residence, police encountered and detained Alex Avalos, Appellant, and a Hispanic female. In the bedroom where Alex Avalos was detained, Officer Dominguez observed plastic baggies containing a white powder substance on top of a shelf as well as inside a jacket that was next to the bed. In the same room, Officer Dominguez also observed a digital scale, and empty plastic baggies. Cooperating with police, Avalos indicated that there was additional contraband inside of the mattress. Officer Dominguez observed Officer Clark stick his hand inside the mattress and pull out plastic baggies containing cocaine.

A total of $1,798 was found in the bedroom where Avalos was detained. Officer Dominguez testified that based on his training and experience, he believed that the person in

---

[1] At trial, Dominguez testified that a twenty is the street term for twenty dollars' worth of whichever drug is being sold.

[2] In court, Officer Dominguez identified Appellant as the man named Carlos who had been called to the door by Alex.

possession of the contraband had the intent to deliver. Officer Dominguez testified that no drugs, contraband, or cash was found in the bedroom where Appellant was detained. At trial, Sharon Patton, a drug chemist for the Fort Worth Police Department Crime Lab testified that the plastic bags submitted for analysis contained cocaine in an amount exceeding 400 grams. She also testified that one bag submitted for testing contained 2.15 grams of marijuana. Appellant's cousin, Alex Avalos, testified for the defense. Avalos testified that Appellant and his girlfriend lived with Avalos. Avalos also admitted that he sold drugs from his residence. On cross-examination, Avalos testified that Appellant helped Avalos sell drugs when Avalos was not home or when Appellant's friends came over to their residence.[3] Avalos stated that when the police came to their residence, the day before the major raid, Avalos had taken a small bag of cocaine out his jacket and handed it to Appellant to give to the police.

Appellant entered a plea of not guilty, the jury convicted Appellant of possession with intent to deliver 400 grams or more of cocaine, and the trial court sentenced Appellant to fifteen years' confinement. This appeal followed.

## DISCUSSION

In four issues, Appellant contends that: (1) the trial court erred by denying his motion to suppress the evidence obtained pursuant to a search warrant; (2) the trial court erred by admitting evidence of an extraneous offense in the State's case-in-chief; (3) the evidence was insufficient to support his conviction; and (4) the trial court erred in assessing a fine after notice of appeal had been given.

---

[3] According to Avalos' testimony the drugs Appellant sold were the same drugs stored in Avalos' mattress and jacket.

**Motion to Suppress**

In Issue One, Appellant complains that the trial court erred by denying his motion to suppress evidence found pursuant to a search warrant because the search warrant affidavit failed to meet the minimum requirements to establish probable cause.

*Standard of Review & Applicable Law*

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law to fact questions that turn on an evaluation of credibility and demeanor, but we review *de novo* application-of-law to fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

On appeal, our review of an affidavit supporting a search warrant is not *de novo* as we give great deference to the magistrate's probable cause determination. *Illinois v. Gates*, 462 U.S. 213, 236-37, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007) (a highly deferential standard is applied on appellate review of the magistrate's decision to issue a warrant applying in accordance with the constitutional preference for a warrant.). The Texas Court of Criminal Appeals has characterized the standard of review as "flexible and non-demanding[.]" *State v. McLain*, 337 S.W.3d 268, 272 (Tex.Crim.App. 2011).

We consider the totality of the circumstances set forth within the four corners of an affidavit to determine whether sufficient facts have been presented to support probable cause for the issuance of a search warrant. *Gates*, 462 U.S. at 238; *State v. Bradley*, 966 S.W.2d 871, 873

4

(Tex. App. – Austin 1998, no pet.). A search warrant will be found sufficient if, considering the totality of the circumstances shown in the affidavit, the magistrate had a substantial basis for determining that probable cause existed. *Swearingen v. State*, 143 S.W.3d 808, 810-11 (Tex. Crim. App. 2004); *Nichols v. State*, 877 S.W.2d 494, 497 (Tex. App. – Fort Worth 1994, pet. ref'd).

Probable cause exists when the facts presented to a magistrate sufficiently justify a determination that the object of the search is probably on the premises to be searched when the warrant is issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); *Bradley*, 966 S.W.2d at 873. The trial court should review the affidavit in a common sense and realistic manner instead of a hypertechnical one and make reasonable inferences from the information contained within the affidavit. *Rodriguez*, 232 S.W.3d at 59, 61; *see also Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006) (affidavit must be read with common sense and in a realistic manner). In cases of doubt, we must defer to all reasonable inferences that the magistrate could have made. *Rodriguez*, 232 S.W.3d at 61.

Appellant asserts that the search warrant affidavit is insufficient because it contained no allegation that anyone would be in possession of cocaine at the time the search warrant was to be issued. According to the affidavit, after receiving a confidential tip in January 2010 that narcotics were being trafficked from a garage apartment located at 2224 Prairie Avenue, Officer Dominguez conducted surveillance on the location. Officer Dominguez observed short-term vehicle and pedestrian traffic consistent with narcotics trafficking. The affidavit also recites that Officer Dominguez directed a confidential informant to go to the apartment and attempt to purchase cocaine on January 12, 2010. Officer Dominguez conducted surveillance on the controlled buy. The informant came back with cocaine and stated that he had purchased it from

5

a man named Alex Avalos.

The affidavit further details that on the same day as the informant's controlled buy, Officer Dominguez drove to the apartment, knocked on the door, asked for Alex, and then asked Alex for two "twenties." Officer Dominguez handed a Hispanic male two twenty-dollar bills and received two small plastic baggies of cocaine. Officer Dominguez's affidavit states that he observed two people who appeared to be acting as lookouts. Based on the facts set forth in the affidavit, the magistrate could have reasonably inferred that more cocaine would be found at the residence to be searched. *See Davis v. State*, 27 S.W.3d 664, 667-68 (Tex. App. – Waco 2000, pet ref'd.) (facts in affidavit supported inference that contraband were readily available for sale within residence where affiant described controlled buy); *Sadler v. State*, 905 S.W.2d 21, 22 (Tex. App. – Houston [1st Dist.] 1995, no pet.) (controlled buy, standing alone, may be sufficient to give probable cause to issue search warrant).

Under the totality of the circumstances and permitting all reasonable inferences, we conclude that there was a substantial basis for the magistrate to conclude that probable cause existed for the issuance of a search warrant to search the garage apartment for cocaine. *See Gates*, 462 U.S. at 238-39. While the affidavit failed to state that the informant or affiant saw additional contraband in the residence to be searched, the magistrate could have reasonably inferred that additional contraband would be found in the residence from the facts set forth in the affidavit. *See id.*; *see also Bodin v. State*, 782 S.W.2d 258, 259-60 (Tex. App. – Houston [14th Dist.] 1989), *rev'd on other grounds*, 807 S.W.2d 313 (Tex. Crim. App. 1991) (holding that search warrant based on informant's controlled buy provided reasonable grounds to infer that additional contraband would be located inside apartment). Accordingly, based on the applicable standard of review, we find the trial court did not abuse its discretion in denying

Appellant's motion to suppress. Issue One is overruled.

## Admission of Extraneous Offense Evidence

In Issue Two, Appellant challenges the trial court's admission of an extraneous drug offense. The State maintains the extraneous offense evidence was properly admitted to show Appellant's knowledge of the cocaine located inside the apartment and his intent to deliver it.

The trial court has wide discretion in deciding whether to admit or exclude evidence of an extraneous drug offense. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004); *Montgomery v. State*, 810 S.W.2d 372, 390-93 (Tex. Crim. App. 1990) (opin. on reh'g). The trial court's ruling is reviewed under an abuse of discretion standard. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). As long as the trial court's decision lies within the zone of reasonable disagreement, we will affirm the trial court's decision. *Id.*; *Montgomery*, 810 S.W.2d at 391.

Rule 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to show character conformity. TEX. R. EVID. 404(b); *Page v. State*, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004). For extraneous offense evidence to be admissible under Rule 404(b), the evidence must be relevant to a fact of consequence in the case apart from its tendency to prove conduct in conformity with character. *Johnston v. State*, 145 S.W.3d 215, 220 (Tex. Crim. App. 2004). Evidence of extraneous evidence may be admissible for purposes other than to show character conformity, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. TEX. R. EVID. 404(b); *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005); *Carter v. State*, 145 S.W.3d 702, 707 (Tex. App. – Dallas 2004, pet. ref'd).

Appellant was charged with intentionally or knowingly possessing cocaine with intent to deliver. The extraneous offense evidence showed that Appellant sold and delivered cocaine to

7

Officer Dominguez during an undercover buy which took place on January 12, 2010, the day before the search warrant was executed. This extraneous drug offense evidence was relevant to show that Appellant had knowledge of the cocaine located within the residence and possessed it with intent to deliver. *See Arnott v. State*, 498 S.W.2d 166, 176-77 (Tex. Crim. App. 1973) (evidence that defendant recently sold drugs is generally relevant to show his knowing possession of a controlled substance); *Mason v. State*, 99 S.W.3d 652, 656 (Tex. App. – Eastland 2003, pet. ref'd) (no abuse of discretion in admitting subsequent extraneous drug offense evidence to show defendant knowingly possessed cocaine); *Payton v. State*, 830 S.W.2d 722, 730 (Tex. App. – Houston [14th Dist.] 1992, no pet.) (evidence that defendant sold drugs two days before his arrest was relevant to show whether he possessed drugs with intent to deliver). Therefore, we conclude the trial court did not abuse its discretion by admitting the extraneous drug offense evidence. *See* TEX. R. EVID. 404(b); *Id*. Issue Two is overruled.

## Legal Sufficiency

In Issue Three, Appellant contends that the evidence was insufficient for the jury to find him guilty. By relying on his arguments in Issue Two, Appellant essentially argues that but for the erroneously admitted extraneous drug offense evidence, the evidence would have been insufficient to support his conviction.

### Standard of Review

In assessing the legal sufficiency of the evidence to support a criminal conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt.[4] *Jackson*

---

[4] When conducting a sufficiency review, we are required to consider all the evidence admitted at trial, even improperly admitted evidence. *Moff v. State*, 131 S.W.3d 485, 488-90 (Tex. Crim. App. 2004).

*v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The jury is the sole judge of the weight and credibility of the witnesses. *Brooks*, 323 S.W.3d at 899. It is the role of the jury to resolve any conflicts of testimony and to draw rational inferences from the facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). It is our duty to determine if the necessary inferences are rational by viewing all the evidence admitted at trial in the light most favorable to the verdict. *Id*. at 16-17. We do not overturn a verdict unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State,* 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The standard of review is the same for both direct and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex. Crim App. 1991), *overruled on other grounds, Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000).

### *Possession of a Controlled Substance with Intent to Deliver*

A person commits an offense if he "knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010). Cocaine is listed as a controlled substance under "Penalty Group 1." *Id*. § 481.102(3)(D) (West 2010). Appellant relies on his arguments in Issue Two, and essentially argues that but for the erroneously admitted extraneous drug offense evidence, the evidence adduced at trial would have been insufficient to support his conviction. We disagree.

Because the jury was permitted to consider the extraneous drug offense evidence, we consider that evidence in our sufficiency analysis. *Moff*, 131 S.W.3d at 488. The jury had the right to accept or reject all or any part of Officer Dominguez's testimony showing that Appellant sold and delivered cocaine to Officer Dominguez during an undercover buy on January 12, 2010.

9

*See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).   Based on this evidence, the jury could have reasonably concluded that Appellant was guilty of possession of cocaine with intent to deliver.

Additionally, when viewed in the light most favorable to the verdict, the testimony of Alex Avalos, which showed that Appellant helped Avalos sell drugs out of their residence could also lead a rational jury to conclude that Appellant was guilty of unlawful possession of cocaine with intent to deliver.   *See Johnson v. State*, 23 S.W.3d 1, 14 (Tex. Crim. App. 2000) (great deference is given to the jury on deciding the weight of the evidence and the credibility of the witnesses). As such, we conclude the evidence was legally sufficient to support Appellant's conviction.   Issue Three is overruled.

**Assessment of Fine**

In Issue Four, Appellant contends that the trial court erred in assessing a fine after sentencing and notice of appeal were given.   Appellant contends that, because a fine is punishment, and the trial court *sua sponte* added the $1,000 fine the day after his sentencing, the judgment should be reformed to delete the fine because the fine was not orally pronounced at Appellant's sentencing.   Relying on *Mercado v. State*, 718 S.W.2d 291 (Tex. Crim. App. 1986), the State argues that Appellant has failed to preserve any error because he failed to object to the procedure used by the trial court imposing the fine or to the fine itself. *Mercado*, 718 S.W.2d at 296 (holding that an appellant cannot assert error about his sentence where he fails to object or otherwise bring the error to the trial court's attention).   We agree.   Here, the day after sentencing, the trial judge informed defense counsel and Appellant in court, that he was conforming Appellant's sentence and was also going to assess a $1,000 fine.   The record does not reflect that any objection was asserted.   Because Appellant did not object to the assessed fine, he has failed to

preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a)(1). Issue Four is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

GUADALUPE RIVERA, Justice

December 21, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)

11